WILLIAM R. HAZEN, *et al.*, v. WILLIAM M. MILEY.

BUILDING CONTRACT; *Competent Evidence.* Where a contract is entered into for the erection of a building, the contractor agreeing to furnish all the labor and material, for which he is to receive a certain price, and when the building has been partially completed the contractor abandons it and enters into an agreement with the owner for such owner to complete the building according to the contract and at the expense of the contractor, such owner is entitled to show in defense to the contractor's action what the completion of the work actually cost him, provided he paid only the current rates for labor and material. Such evidence is as satisfactory and conclusive upon the question of cost and worth as the opinions of experts.

*Error from Shawnee District Court.*

AT the September Term, 1881, of the district court, plaintiff, *Miley*, had judgment for $45.31 and costs against defendants *Hazen* and two others, who bring the case here. The facts sufficiently appear in the opinion.

*Z. T. Hazen*, for plaintiffs in error.

The opinion of the court was delivered by

HORTON, C. J.: This was an action by defendant in error (plaintiff below) against plaintiffs in error (defendants below), to foreclose a mechanics' lien on certain lots in the city of Topeka. William R. Hazen, one of the defendants below and the party who entered into the contract with plaintiff below for the erection of the dwelling house set forth in the petition, set up in his answer the following contract:

"This agreement, made the 15th day of August, 1879, by

and  between  Wm.  M.  Miley  of  the  first  part,  and. Wm.  R.
Hazen  of  the  second  part,  witnesseth:  That  said  party  of  the
first  part  has  this  day  abandoned  all  work  on  and  control  over
everything  necessary  to  the  completion  of  a  certain  house  taken
under  contract  by  said  party  of  the  first  part  from  said  party
of  the  second  part,  from  want  of  means  to  complete  the  same.
Said  party  of  the  second  part  agrees  to  complete  the  said  house
for  the  consideration  or  as  much  of  the  consideration  as  is  nec-
essary  to  complete  the  house  according  to  the  contract  previ-
ously  entered  into  between  said  parties  of  the  first  part  and
second  part;  and  the  remainder  of  the  original  consideration,
after  deducting  the  amount  necessary  for  the  completion  of
the  building,  shall  remain  to  be  paid  to  said  party  of  the  first
part,  or  to  his  creditors,  as  circumstances  shall  render  neces-
sary.   If  said  party  of  the  second  part  shall  think  best  to  add
any  additional  expense  to  the  completion  of  said  house  more
than  the  original  contract  called  for,  he  shall  be  allowed  to
do  so,  but  at  his  own  expense.

"In  witness  whereof,  we  have  hereto  set  our  hands,  the  day
and  year  first  above  written.          '       WM.  R.  HAZEN.

W.  M.  MILEY."

After  Hazen  had  produced  testimony  upon  the  trial  of  the
execution  of  such  contract,  he  introduced  evidence  proving
that  he  completed  the  house  according  to  the  contract  first
entered  into  between  himself  and  Miley;  that  he  employed
the  same  mechanics  that  Miley  had  employed,  and  paid  them
the  same  wages;  that  he  bought  the  material  to  complete  the
house  at  its  fair  market  value  at  Topeka;  and  then  offered  to
prove  what  his  expenses  were  in  completing  the  building  ac-
cording  to  the  terms  of  the  original  contract.   To  this  ques-
tion  the  plaintiff  below  objected,  upon  the  ground  that  it  was
immaterial.   The  objection  was  sustained,  the  court  remarking
that  it  was  not  a  question  of  what  it  cost  to  complete  the  build-
ing,  but  what  it  was  worth.   The  defendant  below  then  offered
to  show  the  amount  of  money  he  actually  paid  out  in  com-
pleting  the  building.  · Again,  said  defendant  offered  to  show
that  in  completing  the  building  according  to  the  contract  he
actually  paid  $401.53,  and  that  this  amount  was  necessary  to
complete  the  same.   The  court  refused  to  admit  the  evidence.
All  this  was  erroneous,  and  sufficiently  prejudicial  to  demand

a new trial. The evidence should have been received; and while the cost to defendant below was not the proper test, for which the contractor was chargeable, yet this evidence tended to show what it was worth to complete the building. It was as satisfactory and conclusive, and perhaps, more so, than the mere opinions of experts. (*Friedland v. McNeill*, 33 Mich. 40; *Smith v. Ferris*, 1 Daily, 18.)

For the refusal of the court to receive competent evidence material to the party complaining, the judgment must be reversed.

All the Justices concurring.